UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ENNIS,

                Plaintiff,                No. 11-12413
                                              Hon. Gerald E. Rosen

vs.

WELLS FARGO HOME MORTGAGE,
INC.,

                Defendant.
_____/

## **OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

### I. INTRODUCTION

      This case involves a challenge by Plaintiff David Ennis ("Plaintiff") to the foreclosure of his home. Plaintiff's complaint attempts to allege five separate claims against Defendant Wells Fargo Home Mortgage, Inc. ("Defendant"). Defendant has moved to dismiss Plaintiff's claims. Having reviewed the parties' briefs and the record, the Court finds that the pertinent allegations and legal arguments are sufficiently addressed in these materials and that oral argument would not assist in the resolution of this motion. Accordingly, the Court will decide Defendant's motion "on the briefs." *See* L.R. 7.1(f)(2). The Court's opinion and order is set forth below.

### II. FACTUAL BACKGROUND

      On August 1, 2005, Plaintiff entered into a $177,596 mortgage with Plymouth Exchange Mortgage Corporation ("PEMC") for a property located in Wolverine Lake,

Michigan. On August 10, 2005, PEMC assigned Plaintiff's note and mortgage to Washington Mutual Bank ("WAMU"), an assignment that was recorded on March 23, 2006. Then, on December 18, 2006, WAMU assigned the note and mortgage to Defendant. This last assignment was recorded on December 19, 2006.

Plaintiff eventually fell behind on his payments after encountering financial hardship. Plaintiff sought a loan modification, but was denied by Defendant. Once the modification was denied, Defendant initiated foreclosure proceedings. The foreclosure culminated in the sale of Plaintiff's property on October 12, 2010. The statutory redemption period for the property ended on April 12, 2011.

A little over a month after the redemption period expired, on May 20, 2011, Plaintiff filed the instant five-count complaint in Oakland County Circuit Court. Count I alleges violations of Michigan foreclosure laws; Count II alleges fraud; Count III seeks quiet title; Count IV seeks to set aside the foreclosure; and Count V requests an injunction against eviction and a declaration of the parties' respective rights. Defendant removed the case to this Court on June 3, 2011 and moved for dismissal or summary judgment as to Plaintiff's entire complaint on June 20, 2011.

### III. ANALYSIS

**A.  Plaintiff Lacks Standing to Assert Counts I, II, IV, and V**

"In order for a federal court to exercise jurisdiction over a matter, the party seeking relief must have standing to sue." *Zurich Ins. Co., v. Logitrans, Inc.*, 297 F.3d 528, 531 (6th Cir. 2002) (quoting *Kardules v. City of Columbus*, 95 F.3d 1335, 1346 (6th Cir. 1996)). The "irreducible constitutional minimum" of standing requires that Plaintiffs

2

show: "(1) [they have] suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180–81 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). The last prong, redressability, requires "a likelihood that the requested relief will redress the alleged injury." *Nader v. Blackwell*, 545 F.3d 459, 471 (6th Cir. 2008) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998)).

When a mortgage foreclosure is initiated, Michigan law provides a six month redemption period for most mortgages; the redemption period is a span of time during which the foreclosed mortgagor can remit the amount owed, thereby averting foreclosure. Mich. Comp. Laws § 600.3240(1)-(2), (8). Generally, once the redemption period expires, so too does the mortgagor's rights in the property. *Salman v. U.S. Bank, NA*, No. 11-10253, 2011 WL 4945845, at *3 (E.D. Mich. Oct. 18, 2011). The redemption period generally serves as a mortgagor's last chance to avoid losing their home after a valid foreclosure sale. Courts will only interfere when there is a clear showing of fraud, accident, or mistake. *Overton v. Mortg. Elec. Registration Sys.*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009); *Freeman v. Wozniak*, 617 N.W.2d 46, 48-49 (Mich. Ct. App. 2000) (discussing *Senters v. Ottawa Sav. Bank*, 503 N.W.2d 639 (Mich. 1993)).

3

Here, Plaintiffs do not dispute that their redemption period expired on April 12, 2011. Defendant thus claims that Plaintiffs fail the redressability prong of standing because the redemption period expired, meaning the foreclosure sale had finalized. In other words, Defendant argues that the remedy sought by Plaintiffs -- rescission of the foreclosure sale -- will not redress the injury alleged because the remedy is not available: the expiration of the redemption period extinguished Plaintiffs' rights in their home.

Defendant is correct in stating that Plaintiffs' rights in, and title to, their home were extinguished when the statutory redemption period expired. *See* Mich. Comp. Laws § 600.3240; *Salman v. U.S. Bank, NA*, No. 11-10253, 2011 WL 4945845, at *3 (E.D. Mich. Oct. 18, 2011). However, while the expiration of the redemption period has serious consequences for Plaintiffs' legal rights, the Court retains the power to rescind the foreclosure sale -- even after the expiration of the redemption period -- if the sale itself was invalid based on a clear showing of fraud or irregularity. *Id.*; *Overton v. Mortg. Elec. Registration Sys.*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009). "Otherwise, statutory foreclosures could never be set aside once the redemption period had expired. While 'statutory foreclosures should not be set aside without very good reason,' it is possible for courts to set statutory foreclosures aside." *Hornbuckle v. Mortg. Elec. Registration Sys., Inc.*, No. 10–14306, 2011 WL 5509214, at *5 (E.D. Mich. Nov. 10, 2011) (quoting *United States v. Garno*, 974 F. Supp. 628, 633 (E.D. Mich. 1997)). *See also Langley v. Chase Home Fin. LLC*, No. 10–604, 2011 WL 1130926, at *2 n. 2 (W.D. Mich. Mar. 28, 2011).

Here, Plaintiff lacks standing to assert Count I (violation of Michigan foreclosure laws), Count II (fraud/misrepresentation), Count IV (set aside of foreclosure), and Count V (declaratory and injunctive relief) because of a failure of redressability. Count I contains a jumble of vague allegations, but generally focuses on the notice received by Plaintiff and Defendant's ownership of the note and mortgage. (Compl. ¶¶ 31, 37, 39, 42, 46-49.) None of these allegations so much as sounds in fraud, accident, or mistake; and Defendant has submitted ample evidence demonstrating the chain of title that led to Defendant's ownership of the note and mortgage. Plaintiff chose to bring these allegations after the expiration of the six month redemption period, and Count I does not clearly establish fraud, accident, or mistake. Alluding to a failure to comply with the foreclosure by advertisement statute is an insufficient basis for interfering with a foreclosure sale when the redemption period has expired. *See Kanouno v. SunTrust Mortg., Inc.*, 10-14724, 2011 WL 5984023, at *6 (E.D. Mich. Nov. 30, 2011) (Rosen, J.). As such, Plaintiff lacks standing to pursue Count I of his complaint.

Count V of Plaintiff's complaint fails redressability for the same reason that Count I does: Plaintiff rests Count V on the contention that Defendant does not own the note and mortgage that led to the foreclosure. Aside from Defendant's strong evidentiary showing to the contrary, such a claim does not involve a clear showing of fraud or irregularity. *United States v. Garno*, 974 F. Supp. 628, 633 (E.D. Mich. 1997) (citations omitted); *Overton v. Mortg. Elec. Registration Sys.*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009). If Plaintiff had doubts about Defendant's possession

5

of the note and mortgage, Plaintiff should have aired these concerns before the redemption period expired.

Count II of Plaintiff's complaint, alleging fraud in the inducement, also fails redressability. Plaintiff claims that he was told to fall behind on his mortgage by Defendant in order to be eligible for a loan modification. (Compl. ¶ 52.) Standing is lacking as to Count II because "[t]he law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity." *Schulthies v. Barron*, 167 N.W.2d 784, 785 (1969) (quoted in *Overton v. Mortg. Elec. Registration Sys.*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009)). That is, the requisite fraud or irregularity must pertain to the sale itself. Plaintiff's claim amounts to a collateral attack on the foreclosure: an attack that should have been brought either before foreclosure or during the redemption period. A vague accusation as to conduct predating Plaintiff's delinquency does not amount to the clear showing of fraud required for standing. *Id.* Plaintiff failed to raise this claim until filing this lawsuit, which itself was filed after the expiration of the redemption period. Therefore, Count II of Plaintiff's complaint fails as well.

Count IV, which requests that the Court set aside the foreclosure sale of Plaintiff's home, fails redressability as well. The allegations in the complaint mention an alleged error pertaining to the transfer of the note and mortgage, but without providing any detail whatsoever. (Compl. ¶ 68.) Moreover, the error alluded to involves PEMC's transfer of

the note and mortgage in 2005. That is, Count IV does not allege an error in the foreclosure itself. *See Schulthies v. Barron*, 167 N.W.2d 784, 785 (1969) (quoted in *Overton v. Mortg. Elec. Registration Sys.*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009)). "The Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." *United States v. Garno*, 974 F. Supp. 628, 633 (E.D. Mich. 1997) (citations omitted). Having failed to make the showing required, the Court lacks the power to undo the foreclosure sale. *Overton v. Mortg. Elec. Registration Sys.*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009). For this reason, Plaintiff lacks standing as to Count IV as well.

**C.    Dismissal is Appropriate as to Count III.**

When deciding a motion brought under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the Plaintiffs and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). To withstand a motion to dismiss, however, a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations in the complaint, accepted as true, "must be enough to raise a right to relief above the speculative level," and must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the [Plaintiffs] plead[] factual content that allows the court to draw the reasonable inference that the [D]efendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The

7

Court must "construe the complaint in the light most favorable to the [Plaintiffs], accept [their] allegations as true, and draw all reasonable inferences in favor of the [Plaintiffs]." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)).

A quiet title action is an attempt to establish a substantive right in property. *Beach v. Twp. of Lima*, 802 N.W.2d 1, 8 (Mich. 2011). Plaintiff attempts to ground this claim in the same vague allegations relied upon elsewhere: that Defendant may not have possession of the note and mortgage for Plaintiff's home. Defendant has produced evidence on point, but the Court does not consider it in reaching this determination regarding dismissal. Instead, Count III fails as a matter of law because Plaintiff has not pled sufficient facts to raise their right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, the Court will dismiss this claim.

Under Michigan law, any individual who claims a right in or title to land may bring an action against anyone who claims an inconsistent interest. Mich. Comp. Laws § 600.2932(1). In order to establish superior title, however, Plaintiff bears the initial burden of proof and must establish a *prima facie* case for title, at which point the burden of proving superior title shifts to Defendant. *Beulah Hoagland Appleton Qualified Pers. Residence Trust. v. Emmet Cnty Rd. Comm'r*, 600 N.W.2d 698, 700 (Mich. Ct. App. 1999); *Stinebaugh v. Bristol*, 347 N.W.2d 219, 221 (Mich. Ct. App. 1984). Establishing a *prima facie* case of title requires a description of the chain of title through which

8

ownership is claimed. *Johns v. Dover*, No. 291028, 2010 WL 2696656, at *1 (Mich. Ct. App. July 8, 2010). Plaintiff, however, has made no attempt to show a chain of title, let alone one that demonstrates a superior claim of ownership in Plaintiff's favor. Plaintiff has failed to make any pertinent factual allegations, instead resorting to vague claims regarding Defendant's possession of the relevant documents. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As such, Plaintiffs have failed to state a claim for which relief can be granted. Fed. R. Civ. P. 12(b)(6).

## IV. CONCLUSION

For the reasons set forth in this opinion, the Court holds that Defendant is entitled to dismissal of all claims in Plaintiffs' complaint. Therefore,

IT IS HEREBY ORDERED that Defendant's motion to dismiss [Dkt. # 2] is GRANTED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: January 24, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 24, 2012, by electronic and/or ordinary mail.

s/Ruth A.Gunther
Case Manager
(313) 234-5137